UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONEL RAMIREZ GUZMAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA DETENTION CENTER,<br><br>Respondents. | No. 1:26-cv-07660-DJC-CSK<br><br><u>RELEASE ORDER</u><br><br>A# 240-437-300 |

Petitioner is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus. The Court has previously addressed the legal issues raised in the Petition. *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK; *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD; *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD; *see also M.B. v. Noem*, 1:26-cv-00005-DJC-AC; *Oli v. Andrews*, No. 1:26-cv-00477-DJC-AC.

The Court directed Respondents to file a preliminary response based on the information in the Petition. (ECF No. 3.) Respondents exclusively argue that this case should be dismissed under the first-to-file rule based on the fact that Petitioner previously filed a petition for writ of habeas corpus in the District Court for the Northern District of Texas. As it has in past similar cases, the Court declines to apply

the first-to-file rule to the present action because "dismissing this petition on this basis would not serve the interest of efficiency and judicial economy where, as here, the petitioner is clearly entitled to relief and is subject to ongoing unlawful detention." *Urdaneta Simanca v. Andrews*, No. 1:26-cv-04995-DJC-CKD, 2026 WL 2058573, at *1 (E.D. Cal. July 16, 2026).

The Court notes that since Respondents filed their response, the Northern District of Texas has resolved the prior case, dismissing it. *See Ramirez Guzman v. Mullin*, No. 3:25-cv-02932-E-BT (ECF No. 22). To the extent Respondents would argue that this action should be dismissed as second or successive under the abuse of the writ doctrine, that request would also be denied. "Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). Here, the second exception applies. Petitioner is plainly entitled to release for the reasons identified in the Court's prior orders. *See, e.g., Prado v. Warden*, No. 1:26-cv-04738-DJC-CSK, 2026 WL 2262335, at *2 (E.D. Cal. Aug. 5, 2026); *Garcia v. Warden, Cent. Valley Annex*, No. 1:26-cv-04659-DJC-JDP, 2026 WL 2254380, at *3 (E.D. Cal. Aug. 4, 2026). Therefore, failure to consider the Petition would result in Petitioner's continued unlawful detention and result in a fundamental miscarriage of justice. Respondents' prior release of Petitioner creates a liberty interest that requires pre-deprivation notice and opportunity to be heard.

Accordingly, for the reasons stated the Court's prior decisions, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED for the reasons stated in those prior orders.

Respondents are ORDERED to immediately release Petitioner Leonel Ramirez Guzman from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-

deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

Respondents shall file a status report within five (5) days confirming Petitioner's release.

The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **October 5, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE